COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-143-CR
  
  
ANTHONY 
RAY ARMSTRONG                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Anthony Armstrong was convicted by a jury of attempted burglary of a habitation. 
After he pled true to the habitual count, the jury assessed his punishment at 
sixty years’ confinement in the Institutional Division of the Texas Department 
of Criminal Justice.  The trial court sentenced him accordingly.  In 
one point, Appellant contends that trial counsel rendered ineffective assistance 
of counsel because he “forgot to request an instruction on the lesser included 
offense of criminal trespass[,] depriving appellant of his only defense to this 
offense.”  Appellant’s motion for new trial alleged only that the 
verdict was contrary to the law and the evidence.  No affidavits were 
attached, and the motion was denied without a hearing by operation of law.  
Consequently, the record does not reveal the basis for the absence of a request 
by trial counsel of an instruction on criminal trespass.  This court will 
not “reverse a conviction on ineffective assistance of counsel grounds when 
counsel's actions or omissions may have been based upon tactical decisions, but 
the record contains no specific explanation for counsel's decisions.”[2]  Accordingly, based upon the applicable standard of 
review,[3] we overrule Appellant's sole point and 
affirm the trial court’s judgment.
    

  
                                                                           PER 
CURIAM
   
   
PANEL 
F:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Bone v. State, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002).
3.  
See Strickland v. Washington, 466 U.S. 668, 687-90, 694, 104 S. Ct. 2052, 
2064-66, 2068 (1984); Thompson v. State, 9 S.W.3d 808, 812-14 (Tex. Crim. 
App. 1999).